IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff/Respondent,<br><br>v.<br><br>Jose Alejandro Higuera-Aboite,<br><br>                Defendant/Movant. | No. CV 13-02462-PHX-ROS (ESW)<br>     CR 12-1779-PHX-ROS<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE ROSLYN O. SILVER, SENIOR UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Jose Alejandro Higuera-Aboite's (Movant's) Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 4) ("Amended Motion"), which Movant filed on April 7, 2014. On December 12, 2014, Respondents filed their Response to Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence (2255) (Doc. 11). Movant did not file a reply. The matter is deemed ripe for consideration.[1]

On November 12, 2013, the Court sentenced Movant to 46 months in prison followed by three years of supervised release and a $100.00 special assessment (CR Doc. 96)[2] after Movant pled guilty to Alien in Possession of a Firearm in violation of 18

---

[1] The case was reassigned to U.S. Magistrate Judge Eileen S. Willett on November 14, 2015.

[2] The Court will refer to all documents in CR-12-01779-PHX-ROS as CR Doc.____. All documents in CV-13-02462-PHX-ROS will be referred to as Doc. ____.

U.S.C. §§ 922(g)(5) and 924(a)(2), a Class C felony offense (CR Doc. 62). The Amended Motion raises five grounds for relief, all of which allege that Movant received ineffective assistance of counsel in connection with the plea agreement Movant signed.[3] As the record conclusively shows that Movant is entitled to no relief, it is recommended that the Court deny the Amended Motion without holding an evidentiary hearing.

## I. BACKGROUND

On July 23, 2013, Movant signed a plea agreement, which states that Movant will plead guilty to Count One of the superseding indictment (CR Doc. 39), Alien in Possession of a Firearm, a Class C felony in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2) (CR Doc. 62). The plea agreement's "Waiver of Defenses and Appeal Rights" provision (the "Waiver Provision") states:

> [Movant] waives (1) any and all motions, defenses, probable cause determinations, and objections that the [Movant] could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the [Movant], or any aspect of the [Movant's] sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and <u>motions under 28 U.S.C. § 2241 and 2255 (habeas petitions)</u>, and any right to file a motion for modification of sentence, including under Title 18 U.S.C. § 3582(c). <u>This waiver shall result in the dismissal of any appeal, collateral attack, or other motion [Movant] might file challenging the conviction, order of restitution or forfeiture, or sentence in this case</u>.

(CR Doc. 62 at 4-5) (emphasis added).

The plea agreement also specifically states that Movant discussed the agreement's terms with his attorney, agreed to the terms and conditions, entered the plea voluntarily, and that Movant was satisfied with his counsel's representation. *Id*. at 7-8.

On July 23, 2013, U.S. Magistrate Judge David K. Duncan conducted a change of plea hearing. During the hearing, Magistrate Judge Duncan carefully and thoroughly

---

[3] By Order issued on August 21, 2014 (Doc. 5), the Court struck as duplicative Grounds Four and Six of Movant's Amended Motion. The Court also refers to each Ground in numerical order despite Movant's labels.

discussed with Movant the elements of the charged offense (Doc. 11-2 at 14); Movant's constitutional trial rights (Doc. 11-2 at 14-15); the Waiver Provision (Doc. 11-2 at 15-16); the factual basis for the plea (Doc. 11-2 at 17-18); and the consequences of pleading guilty (Doc. 11-2 at 18-19).  Magistrate Judge Duncan asked Movant whether he (i) understood all of the appeal rights that Movant would be giving up and (ii) whether it was Movant's wish to give up those appeal rights. (Doc. 11-2 at 16).  Movant responded affirmatively to both questions.  After Magistrate Judge Duncan completed the plea colloquy, Movant pled guilty to the charge of Alien in Possession of a Firearm. *Id.* at 19.  Magistrate Judge Duncan found that Movant "knowingly, intelligently, and voluntarily enters a plea of guilty; that there is a factual basis for this plea; and that [Movant is] competent to enter it." *Id*.

On November 12, 2013, Senior District Judge Roslyn O. Silver held a sentencing hearing.  Before sentencing Movant, Judge Silver asked the Movant if he had reviewed the presentence report and talked to his attorney about it.  (Doc. 11-3 at 4).  Movant responded affirmatively to both questions.  Judge Silver asked Movant if he knew of anything in the presentence report that was incorrect, and Movant stated he did not.  *Id.*  Judge Silver gave the Movant the opportunity to speak, asking Movant "is there anything you would like to tell me before you are sentenced?"  *Id.*  Movant then addressed the Court freely and was afforded the opportunity to complete his comments to the Court uninterrupted. *Id.* at 4-5.  The Court further asked Movant:  "Has your attorney done a good job for you?"  *Id*. at 6.  Movant responded, "Yes."  *Id*.  Judge Silver finally asked Movant if his waiver of his right to appeal was a voluntary decision, and Movant responded affirmatively.  Judge Silver entered judgment, sentenced Movant to forty-six months in prison, followed by three years of supervised release, and assessed a $100.00 special assessment. *Id*. at 7.

On December 3, 2013, Movant filed a pro se Motion for Time Reduction by an Inmate in Federal Custody (28 U.S.C. § 2255) (Doc. 1).  In its March 14, 2014 Order, the Court denied the Motion with leave to file an amended motion on the Court-approved

form (Doc. 3). On April 7, 2014, Movant filed an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 4). In its Order of August 21, 2014, the Court dismissed Grounds Four and Six and ordered Respondents to answer the Amended Motion. (Doc. 5 at 3). The United States filed its Response to Petitioner's Amended Motion on December 12, 2014 (Doc. 11).

## II.  DISCUSSION

### A.  Enforceability of a Plea Agreement's Waiver Provision

It is a "fundamental rule that plea agreements are contractual in nature and are measured by contract law standards." *U.S. v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). The plain language of a plea agreement will be generally enforced if the agreement is clear and unambiguous. *Id.* This includes a plea agreement's provision whereby a defendant waives the right to challenge his or her conviction and sentence through appeal or a collateral proceeding, such as a § 2255 proceeding. "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *U.S. v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (quoting *Jeronimo*, 398 F.3d at 1153) (alteration omitted). However, a defendant may still bring a claim alleging that the waiver or plea agreement was involuntary or that the ineffective assistance of counsel rendered the waiver or plea agreement involuntary. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *U.S. v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); *U.S. v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the

voluntariness of the waiver).

A court must conduct a hearing on a § 2255 motion to vacate unless the motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court may resolve the issue of whether a defendant knowingly and voluntarily agreed to a plea agreement's waiver provision based on a review of the written plea agreement and the record of the change of plea proceeding. *See Jeronimo*, 398 F.3d at 1153-55 (finding a waiver of a direct appeal knowing and voluntary based on the plea agreement and the change of plea proceeding).

### B. Challenging a Guilty Plea Based on an Ineffective Assistance of Counsel Claim

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the U.S. Supreme Court explained that a defendant arguing an ineffective assistance of counsel ("IAC") claim must establish that his or her counsel's performance was (i) objectively deficient and (ii) prejudiced the defendant. This is a deferential standard, and "[s]urmounting *Strickland's* high bar is never an easy task." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

The *Strickland* test applies to challenges to guilty pleas and plea agreements that are based on IAC claims. *Jeronimo*, 398 F.3d at 1155. To establish the test's performance prong in that context, a defendant must establish that his or her counsel's advice regarding the guilty plea was outside "the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985). Regarding the prejudice prong, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Washington v. Lampert*, 422 F.3d at 873 (quoting *Hill*, 474 U.S. at 58-59)).

Although the performance factor is listed first in *Strickland's* two-part test, a court may consider the prejudice factor first. In addition, a court need not consider both factors if the court determines that a defendant has failed to meet one factor. *Strickland*, 466 U.S., at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of

- 5 -

sufficient prejudice, which we expect will often be so, that course should be followed."); *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (a court need not look at both deficiency and prejudice if the habeas petitioner cannot establish one of the other).

### C. Movant's Five Grounds for Relief Are Meritless

#### 1. Ground One

In Ground One, Movant alleges that his counsel was ineffective by failing to advise Movant of his constitutional trial rights, resulting in an unknowing and involuntary guilty plea. The record before the Court, however, conclusively shows that Movant was expressly made aware of his trial rights and knowingly, voluntarily, and intelligently waived them. The plea agreement itself contains a recitation of all Movant's constitutional trial rights. (Doc. 11-1 at 8-9). Movant stated under oath on the record at his plea hearing that the plea agreement was read to him in Spanish, he understood it, and then signed it. (Doc. 11-2 at 5). In addition, the Magistrate Judge reviewed all of Movant's constitutional trial rights with him, and he asked Movant if Movant understood his constitutional trial rights. (Doc. 11-2 at 14-15). Movant stated "yes." The Court asked if Movant wished to give up his constitutional trial rights, and Movant again stated "yes." *Id*. at 15. The plea hearing transcript reflects that Movant responded to a variety of questions with answers reflecting an understanding of the process. The record further reflects that Movant was satisfied with his attorney's performance and that he had sufficient time to talk with his attorney. (Doc. 11-2 at 6). Movant stated that he was not threatened, coerced, or forced to plead guilty. (Doc. 11-2 at 9). No unwritten promises were made to him. *Id*.

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Moreover, Movant does not allege that absent the alleged failure of his attorney to advise him of his constitutional trial rights, Movant would have insisted on going to trial. *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990) (a defendant "must allege facts that show prejudice by showing that absent erroneous advice he would have insisted on going to trial"). Even if Movant's

- 6 -

counsel failed to properly inform Movant of his trial rights, for which there is no support in the record, Movant cannot show that the deficient performance was prejudicial as to Ground One. The record clearly reflects a voluntary, intelligent plea of guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received was [deficient].").

Because the IAC claim in Ground One fails to satisfy the *Strickland* test, the undersigned recommends that Ground One be dismissed with prejudice.

**2. Ground Two**

In Ground Two, Movant states that his counsel was ineffective for not objecting at sentencing to "an alleged conviction for aggravated felony conviction." (Doc. 4 at 5). As this claim is attacking Movant's sentence, it is foreclosed by the Waiver Provision in the plea agreement, which Movant knowingly and voluntarily entered into as explained in Sections I and II(C)(1) above.[4] *See United States v. Broce*, 488 U.S. 563, 569 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."); *see also U.S. v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (stating that "it is consistent with Supreme Court precedent to enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver"); *Williams v. U.S.*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea

---

[4] Movant does not allege in Ground Two that the plea agreement and Waiver Provision were rendered involuntary due to the IAC.

- 7 -

agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."); *U.S. v. Carrana*, 2010 WL 4809320, at *2 (D. Ariz. Nov. 19, 2010) (citing to the holdings in *Williams and Cockerham* regarding waivers of collateral attacks).

Further, Ground Two is without merit based on the facts of the case. Movant argues that the probation officer recommended "an offense level based on an alleged conviction for aggravated felony conviction." (Doc. 4 at 5). However, the Pre-Sentence Report ("PSR") assessed Movant one criminal history point for a misdemeanor conviction only, giving Movant a Criminal History Category I. In addition, Movant was asked at sentencing by the Judge if his PSR contained any errors. Movant told the Court that he had reviewed the report, talked to his attorney about it, and knew of nothing incorrect contained in it. (Doc. 11-3 at 3-4).

Moreover, the PSR identified no information concerning the offense or Movant that would warrant a departure or variance from the advisory guideline range. Movant's sentence was not aggravated; the Court sentenced Movant to the low end of the advisory guideline range. No prior felony conviction was attributed to Movant or used in any of the calculations made. The Court did not sentence Movant based on an incorrect criminal history. For the above reasons, the Court will recommend dismissal of Ground Two with prejudice.

### 3. Ground Three

Movant alleges in Ground Three that his counsel was ineffective because there was no factual basis for the guilty plea. However, the record reflects that Movant admitted to facts supportive of each element of the crime for which Movant was charged. Not only does the plea agreement set forth the elements of the crime of Alien in Possession of a Firearm (Doc. 11-1 at 6-7), but also the plea agreement states the following factual basis which fully satisfies the elements of the crime charged:

> On September 19, 2012, near Gila Bend, Arizona, I, JOSE HIGUERA-ABOITE, and Carlos Daniel Sierra-Rivera were passengers in a green, 1994 Chevrolet Camaro, Arizona license plate ASE 9556. Ramon Juarez-

>Hernandez was the driver. On that date, I was an alien unlawfully in the United States who had been previously removed from the United States. The car was the subject of a traffic stop. Agents inventoried the car and found: three firearms, ammunition, food, camouflage clothing, binoculars and night vision goggles. I was present when the three firearms were loaded in the car and I knowingly possessed the firearms. The firearms, one Springfield Armory XD-40, serial number US466181; one SKS-style assault rifle, serial number 352020; and one SKS-style assault rifle, serial number 00845, were partially concealed in my car with the barrel of one firearm in plain view. Each of the firearms has an interstate nexus in that they had been shipped or transported in interstate commerce.

*Id*. at 6.

Magistrate Judge Duncan read the above factual basis to the Movant and asked Movant if what the Court read was true. Movant responded affirmatively. (Doc. 11-2 at 17). Because there is a factual basis set forth on the record for the plea of guilty, Movant fails to establish the prejudice prong of the *Strickland* test. *See U.S. v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (rejecting a defendant's IAC claim based on his attorney's alleged failure to properly advise him of potential consecutive sentences where the defendant acknowledged at the change of plea hearing the potential for consecutive sentences). Movant's IAC claim in Ground Three is thus without merit as it fails to meet *Strickland's* two-part test. The Court will recommend dismissal of Ground Three with prejudice.

### 4. Ground Five

Movant alleges in Ground Five that his attorney was ineffective because the attorney did not provide Movant "an opportunity to allocute." Ground Five is barred by the Waiver Provision. In addition, Ground Five has no basis in fact. Movant was given an unencumbered opportunity at sentencing to freely and directly address the Court. Judge Silver did not interrupt or limit Movant's right to allocution in any manner. The Movant exercised his right of allocution at sentencing. *See* Doc. 11-3 at 4-5. The Court will recommend that Ground Five be dismissed with prejudice.

### 5. Ground Seven

In Ground Seven, the Movant alleges that counsel was ineffective for not timely

filing a notice of appeal. However, Movant expressly waived his right to appeal as part of his plea agreement. (Doc. 11-1 at 5-6). As explained in Section II(C)(1) above, Movant entered his plea agreement knowingly, intelligently, and voluntarily as found by the Court after extensive questioning and explanation. Under oath in open Court, Movant stated that he understood his appeal rights and wished to waive them as part of the plea agreement he reached with the United States. (Doc. 11-2 at 15-16). At sentencing, Judge Silver confirmed that Movant made a voluntary decision to waive his right to appeal when he pled guilty. (Doc. 11-3 at 8). The record fully supports a finding that Movant's waiver of his appeal rights was knowing and intelligent. Therefore, counsel could not file a notice of appeal in this case. Ground Seven is without merit. The Court will recommend dismissal of Ground Seven with prejudice.

### III.  CONCLUSION

For the reasons set forth herein,

**IT IS RECOMMENDED** that the Amended Motion (Doc. 4) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed informa pauperis be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to

appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

  Dated this 5th day of June, 2015.

               _____
                  Eileen S. Willett
                 United States Magistrate Judge